UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MEDICINE SHOPPE INTERNATIONAL, INC. ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case No. 4:09-CV-1481 (CEJ) |
| HARRISON ENTERPRISES, INC., et al., ) ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for default judgment, pursuant to Rule 55(b)(1), Fed.R.Civ.P., against defendants Harrison Enterprises, Inc., George M. Harrison, and Elaine Harrison.

Plaintiff brings this action pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. § 9, to confirm an arbitration award entered in its favor against defendants. On December 4, 1992, plaintiff Medicine Shoppe International, Inc., granted defendant Harrison Enterprises, Inc., a license to operate a pharmacy for a term of 20 years; defendants George and Elaine Harrison executed an Owner's Guaranty and Assumption of Licensee's Obligations. On January 23, 2009, plaintiff filed a claim for arbitration before the American Arbitration Association, alleging that defendants failed to pay license and business development fees and failed to supply required sales and financial information. On August 18, 2009, the arbitrator entered an award in favor of plaintiff, holding defendants jointly and severally liable for $156,244.46 for past due fees and interest; $1,790.23 for attorney's fees; and $5,136.50 for the costs of arbitration, for a total of $163,171.19.

The summons and a copy of the complaint were served on defendant on September 25, 2009. Defendants did not file an answer or other responsive pleading and, on December 29, 2009, the Clerk of Court entered default against defendants.

Discussion

A district court affords an arbitrator's decisions "an extraordinary level of deference" and confirms "so long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority." Stark v. Sandberg, Phoenix & von Gontard, P.C., 381 F.3d 793, 798 (8th Cir. 2004). Courts have absolutely no authority to reconsider the merits of an arbitration award, even when the parties allege the award rests on factual errors or on a misinterpretation of the underlying contract. McGrann v. First Albany Corp., 424 F.3d 743, 748 (8th Cir. 2005). The bottom line is "[w]e will confirm the arbitrator's award even if we are convinced that the arbitrator committed serious error, so long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority." Id. (quoting Schoch v. InfoUSA, Inc., 341 F.3d 785, 788 (8th Cir. 2003)). The uncontested allegations in plaintiff's complaint are admitted by virtue of defendants' default, and plaintiff has established that it is entitled to confirmation of the arbitrator's award.

Plaintiff also seeks an award of attorneys' fees and costs incurred in bringing this action. The License Agreement entered into between the parties provides for an award of reasonable attorneys' fees to "[t]he party prevailing in a judicial . . . proceeding" related to the enforcement of the obligations of the Agreement. Plaintiff submits the affidavit of attorney Richard Finneran. Mr. Finneran attests that his firm's standard hourly billing rate for his services was $152.00; the firm's hourly rate for the services of partner Michael Godsby was $304.00. Included with Mr. Finneran's affidavit is a

billing record for work performed in connection with this case.  The Court has reviewed the record and finds that the hours expended and the hourly rate charged are reasonable.  Therefore, attorneys' fees in the amount of $715.60 will be awarded.  In addition, costs in the amount of $350.00 for the filing fee and $108.00 for service of process will be awarded.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for default judgment [Doc. #7] is **granted**.

**IT IS FURTHER ORDERED** that the arbitration award entered on August 18, 2009, is confirmed in its entirety.

**IT IS FURTHER ORDERED** that plaintiff is awarded $1,173.60 for attorneys' fees and costs.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 12th day of April, 2010.